IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-cv-883-ECM |
| | ) | [WO] |
| STATE FARM INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

This is a lawsuit for breach of contract. (*See* doc. 1-1 at 7). Plaintiff, proceeding pro se, claims that Defendant wrongfully denied his personal injury claim based on "multiple dog attack[s]." (*See id.*; *see also id.* at 9 (Plaintiff's affidavit stating that he "suffered severe injury while being attacked by two German Shepards")). Defendant answered, (doc. 5), and moved for judgment on the pleadings, arguing that none of Plaintiff's insurance policies—a renter's policy, personal articles policy, and auto policy—covered such a claim, (doc. 7 at 2–3). The Magistrate Judge recommends that the Court grant Defendant's motion and dismiss Plaintiff's claim with prejudice. (Doc. 9 at 6). Neither party has objected to the Recommendation, and the time to do so has passed.[1] Upon consideration, the Court finds the Recommendation is due to be adopted.[2]

---

[1] After the Recommendation was entered, Plaintiff filed an "answer to defendant's motion" (doc. 10) and a "motion to transfer file to the federal court in Opelika Alabama" (doc. 11). Even affording these filings the liberal construction they are due given Plaintiff's pro se status, they do not reference the Recommendation, much less raise any objections.

[2] The Magistrate Judge, following Defendant's lead, applied Alabama law. (*See* doc. 5 at 2; doc. 9 at 4). All of the insurance policies appear to have been issued to Plaintiff while he was living in Indiana, however,

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72. With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Upon conducting a careful and complete review of the Recommendation and giving de novo review to matters of law, the Court adopts the Recommendation in full. Accordingly, for good cause, it is

---

and at least one of the insurance policies contained a choice-of-law provision stating that Indiana law applied "in the event of any disagreement as to the interpretation and application of any provision in th[e] policy." (Doc. 5-3 at 34). But "choice-of-law arguments are waived if not properly presented to the district court." *Insituform Techs., Inc. v. Amerik Supplies, Inc.*, 850 F. Supp. 2d 1336, 1355 (N.D. Ga. 2012) (citing *Mesa Air Grp., Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1128 (11th Cir. 2009)). And even if the Court were to apply Indiana law, the result would be the same. *See Frankenmuth Mut. Ins. Co. v. Fun F/X II, Inc.*, 61 F.4th 514, 518 (7th Cir. 2023); *Continental Ins. Co. v. George J. Beemsterboer, Inc.*, 148 F. Supp. 3d 770, 780 (N.D. Ind. 2015).

ORDERED as follows:

1.      The Recommendation (doc. 9) is ADOPTED.

2.      Defendant's motion (doc. 7) is GRANTED.  This case is DISMISSED with prejudice.

3.      All pending motions are DENIED as moot, and all pending hearings and deadlines are TERMINATED.

4.      A separate final judgment will be entered.

DONE this 13th day of April, 2026.

                    /s/ Emily C. Marks
                    EMILY C. MARKS
                    UNITED STATES DISTRICT JUDGE